UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RAY HAWES, | No. 2:21-cv-0161 DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF HEALTH SERVICES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated in connection with a 2005 revocation of social security benefits. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 9), motion to appoint counsel (ECF No. 10), and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, deny the motion to appoint counsel, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 9.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

1 factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
2 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
3 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
4 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
5 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

10 42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at
11 389.  The statute requires that there be an actual connection or link between the
12 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
13 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
14 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
15 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
16 omits to perform an act which he is legally required to do that causes the deprivation of which
17 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
19 their employees under a theory of respondeat superior and, therefore, when a named defendant
20 holds a supervisorial position, the causal link between him and the claimed constitutional
21 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
22 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
23 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
24 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25     **II.**    **Allegations in the Complaint**

26       Plaintiff's claim in this action is difficult to discern.  It appears that plaintiff's main
27 allegation is that his social security benefits may have been improperly revoked.  (ECF No. 1 at 4-
28 6.)  However, he also alleges that a Medi-Cal choice form was sent to him before he was arrested.

Plaintiff has identified the California Department of Health Care Services and Governor Newsom as defendants in this action.  Plaintiff seeks $100,000,000 in relief.

### III. Does Plaintiff State a § 1983 Claim?

#### A. Plaintiff Must Connect Defendants' Actions to the Alleged Rights Violation

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law").

The complaint does not state facts showing how either of the named defendants deprived him of a specific right enumerated in the Constitution or in federal law.  While he has stated numerous grievances regarding how he has been treated, he has not clearly articulated how the defendants' actions violated his rights.  Accordingly, the complaint fails to state sufficient facts to support a potentially cognizable claim.

#### B. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Because § 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  In California, the statute of limitations for personal injury actions is two years.  See Cal. Code Civ. Proc. § 335.1; Maldonado, 370 F.3d at 954-55.  However, this limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."  See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

Plaintiff states that the actions at issue in the complaint occurred in 2005. (ECF No. 1 at 4-6.) Plaintiff filed the complaint in this action on December 15, 2020 (Id. at 3.),[1] approximately fifteen years after the events giving rise to the claim took place. Plaintiff is advised that the claims related to those events are likely barred by the statute of limitations.

### C. Exhaustion of Administrative Remedies

Generally, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); and 42 U.S.C. § 1997e(a)). The United States Supreme Court confirmed that district courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).

Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court. Jones v. Bock, 549 U.S. 199, 211 (citation omitted). Inmates must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 93 (2006).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Thus, "to properly exhaust administrative remedies, prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] rules that are defined . . . by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88.)

////

////

---

[1] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

Typically, failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

Plaintiff states on the face of the complaint that administrative remedies are available but concedes that he has not exhausted administrative remedies. Plaintiff is advised that failure to exhaust administrative remedies is grounds for dismissal. In any amended complaint, plaintiff should indicate whether he has not exhausted and if he has not, he must explain why he has not exhausted.

**D. Amending the Complaint**

As set forth above, the complaint will be dismissed for failure to state a claim. However, plaintiff will have the option to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of plaintiff's claims. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION TO APPOINT COUNSEL**

Plaintiff filed a motion to appoint counsel. (ECF No. 10.) Therein, he argues the court should appoint counsel because he has less than a seventh-grade education and has been diagnosed with paranoid schizophrenia.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has failed to show that his lack of education and mental health issues prevent him from articulating his claim pro se. Additionally, the court cannot evaluate plaintiff's likelihood of success on the merits because he has yet to state a cognizable claim. Accordingly, the court will deny the motion to appoint counsel.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motion to appoint counsel (ECF No. 10) is denied.
4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////
////
////
////
////

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 29, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hawe0161.scrn